OPINION
{¶ 1} Defendant-appellant Victor Mitchell appeals his November 21, 2001, conviction and sentence in the Stark County Court of Common Pleas on one count of aggravated trafficking in drugs, in violation of R.C. 2925.03(A).
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 29, 2001, defendant-appellant Victor Mitchell [hereinafter appellant] was indicted on one count of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(1). The charges arose from an incident which occurred on or about August 6, 2001, in which appellant offered to obtain ecstasy for undercover police officers in exchange for a finders fee.
 {¶ 3} A jury trial was held October 18 through 19, 2001, at which time the jury was unable to reach a verdict. The case was subsequently reset for another jury trial. The trial commenced on November 15, 2001. On that same day, November 15, 2001, the jury returned a verdict of guilty as charged. Appellant was sentenced to 16 months in prison by Judgment Entry filed November 19, 2001.
 {¶ 4} It is from this conviction and sentence that appellant appeals, raising the following assignment of error:
 {¶ 5} THE TRIAL COURT'S VERDICT WAS AGAINST THE MANIFEST WEIGHT AND THE SUFFICIENCY OF EVIDENCE.
 {¶ 6} In appellant's sole assignment of error, appellant contends that his conviction was against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 7} In State v. Jenks (1981), 61 Ohio St.3d 259, 574 N.E.2d 492, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held the following: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jenks, supra, at paragraph two of the syllabus. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed . . . The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins (1997),78 Ohio St.3d 380, 387, 678 N.E.2d 541 (citing State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717). Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, syllabus 1.
 {¶ 8} In the case sub judice, appellant was convicted of one count of aggravated trafficking of drugs, in violation of R.C. 2925.03(A)(1). The crime of aggravated trafficking is defined as follows: "No person shall knowingly . . . [s]ell or offer to sell a controlled substance." R.C. 2925.03(A)(1). For purposes of R.C. Chapter 2925, a sale is defined as follows: "`Sale' includes delivery, barter, exchange, transfer, or gift, or offer thereof, and each transaction of those natures made by any person, whether as principal, proprietor, agent, servant, or employee." R.C. 2925.01(A) (incorporating definition found in R.C. 3719.01(AA)). (Emphasis added).
 {¶ 9} Appellant contends that there was no credible evidence that rose to the level of an offer to sell ecstasy. Appellant asserts that there was a generalized discussion of where to go to buy drugs but that the crucial steps of the transaction, i.e. the exchange of money or drugs, never occurred.
 {¶ 10} In this case, there was testimony by the arresting officer that appellant approached the officers and told them he could get them crack, powder cocaine, marijuana, vicodin and ecstasy. Eventually, the officers expressed interest in purchasing one pill of ecstasy. Appellant offered to take them to a location where the officers could purchase one ecstasy pill for $30.00. In exchange for arranging the drug deal, appellant demanded a finder's fee of $15.00. While riding with the officers, appellant gave the officers the location at which the drug deal would take place. That area was known to the officers as one of the worst drug neighborhoods in the entire city.
 {¶ 11} We find there was sufficient evidence to support appellant's conviction. First, appellant approached the officers and offered to get them ecstasy, among other illegal drugs. In so doing, appellant offered to deliver or otherwise provide drugs to the officers. This offer, in and of itself, constituted an offer to sell, as defined by R.C. 2925.01(A).
 {¶ 12} Second, the Ohio Supreme Court has held that "R.C. 2925.03
demonstrates a clear legislative intent to define commerce in controlled substances as criminal . . . Consistent with this purpose, the General Assembly defined each of [the] stages of commerce in controlled substances as aggravated trafficking. . . ." State v. Scott (1982),69 Ohio St.2d 439, 440-441, 432 N.E.2d 798. In State v. Scott, the Court held that by marketing a drug, an offender served as a link in the chain of supply. Id. Serving as a link in the chain of supply constituted an offer to sell. Id. From Scott, the Ohio Court of Appeals for the Eighth District noted that all links in the chain of supply are equally culpable. State v. Latina (1984), 13 Ohio App.3d 182, 187, 468 N.E.2d 1139. Subsequently, the Ohio Court of Appeals for the Fourth District specifically held that a person who acts as a broker in a drug sale, acts as a link in the chain of supply and is guilty of "offering to sell" drugs within the meaning of R.C. 2925.01. State v. McDaniel (Nov. 9, 1993), Vinton App. No. CA487 (citing State v. Latina, supra, which relied upon State v. Scott, supra).
 {¶ 13} Here, there was evidence that appellant acted as a link in the chain of supply by offering to broker a drug deal for the officers for a fee. Thus, pursuant to R.C. 2925.01(A) and Scott and its progeny, appellant offered to sell ecstasy to the officers.
 {¶ 14} Therefore, we find that appellant's conviction was supported by sufficient evidence. A rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. We note that the jury, as trier of fact, was in the best position to assess the credibility of the arresting officer's testimony. Clearly, the jury found the officer to be a credible witness. We find that the jury did not lose its way or create a manifest miscarriage of justice.
 {¶ 15} Appellant's sole assignment of error is overruled.
 {¶ 16} The judgment of the Stark County Court of Common Pleas is affirmed.
By Edwards, J., Gwin, P.J. and Wise, J. concur.
Topic: Agg. Trafficking — Manifest Weight